966 F.2d 1451
 59 Fair Empl.Prac.Cas. (BNA) 192,
59 Empl. Prac. Dec. P 41,598
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stanley J. DAVIDSON, Plaintiff-Appellant,
v.
CINCINNATI MILACRON INC., Defendant-Appellee.
 No. 91-3606.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1992.
 
 Before KENNEDY and SILER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Stanley J. Davidson, filed this action, alleging federal Age Discrimination in Employment Act ("Act"), 29 U.S.C. § 623(a), and Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 623(i), 1132, and 1140, violations and other state law claims. He appeals the district court's summary judgment in favor of defendant, Cincinnati Milacron, Inc. ("Employer"). The issues are whether the district court erroneously decided that: (A) age was not a motivating factor in Davidson's demotion; (B) Employer was not required to contribute to Davidson's pension fund after he reached 65; (C) Davidson has no private right of action for Employer's failure to provide him with a summary of material Performance Dividend and Savings Plan ("Plan") modifications; and (D) Davidson failed to identify the statutory right which he was discharged for exercising. For the following reasons, we AFFIRM the district court's judgment.
 
 I. PROCEDURE
 
 2
 Davidson's seven claims are: (1) constructive discharge ("Count 1"); (2) failure to contribute to pension fund after Davidson reached 65 ("Count 2"); (3) improper deduction of expenses from the Plan ("Count 3"); (4) retaliation for complaining about the improper denial of benefits ("Count 4"); (5) oral employment contract breach ("Count 5"); (6) duty of good faith and fair dealing breach ("Count 6"); and (7) intentional infliction of emotional distress ("Count 7"). Davidson withdrew Count 7. The district court granted Employer summary judgment on Counts 1 through 4 and dismissed Counts 5 and 6, without prejudice.
 
 II. ANALYSIS
 
 3
 Count 1: While it is unlawful for an employer to discharge an individual because of such individual's age, 29 U.S.C. § 623(a)(1), "the plaintiff bears the initial burden of submitting evidence to support a prima facie case of discrimination." Wilson v. Stroh Co., 952 F.2d 942, 945 (6th Cir.1992) (Title VII case). To establish a prima facie case, Davidson was required to establish: (1) "through circumstantial, statistical, or direct evidence that he has been discriminated against" or (2) that he was (a) a member of a protected class, (b) demoted/constructively discharged, (c) qualified for the position, and (d) replaced by a younger person. Simpson v. Midland-Ross Corp., 823 F.2d 937, 940 (6th Cir.1987); see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).
 
 
 4
 The district court found Davidson not to have made out a prima facie case, because he had not been discharged. Although Davidson contests this finding, we find it unnecessary to decided this issue. Even assuming Davidson established a prima facie case. Employer had two valid defenses to this claim. First, as only the decision maker's biases and prejudices are relevant, Employer's demotion of Davidson was neither based on age nor had a disparate impact upon a protected age group. See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 256-58 (1981); see also Wilson, 952 F.2d at 943-46. Second, it is not "unlawful for an employer ... to discharge or otherwise discipline an individual for good cause." 29 U.S.C. § 623(f)(3). Employer demoted Davidson, because he "voiced his objections to certain aspects" of Employer's new Earnings Improvement Plan. These objections, in Faig's view, disqualified Davidson from holding a management position. Davidson offered no evidence to show that Employer's proffered nondiscriminatory reason for the employment decison was a mere pretext for discrimination. See Burdine, 450 U.S. at 256. In other words, Employer's good faith termination of Davidson did not violate the Act, as it was a reasonable business decision. Bishop v. Jelleff Assoc., 398 F.Supp. 579, 593 (D.D.C.1974). For these reasons, we AFFIRM the district court's decision on Count 1.
 
 
 5
 Count 2: There are no factual disputes regarding Count 2. Davidson began receiving full monthly pension payments at age 65. For seven years thereafter, he was employed by Employer and received normal retirement pension benefits and full salary.
 
 
 6
 Federal law states that it is unlawful for an employer to ... discharge any individual or otherwise discriminate against any individual with respect to his ... privileges of employment, because of such individual's age." Public Employees Retirement Sys. v. Betts, 492 U.S. 158, 165 (1989) (quoting 29 U.S.C. § 4(a)(1)). However, it is not unlawful for an employer "to observe the terms of ... any bona fide employee benefit plan ..., which is not a subterfuge...." Id. "Congress intended to exempt employee benefit plans from the coverage of the Act except to the extent plans were used as a subterfuge for age discrimination in other aspects of the employment relation." Id. at 180. "Thus, when an employee seeks to challenge a benefit plan provision as a subterfuge to evade the purposes of the Act, the employee bears the burden of proving that the discriminatory plan provision actually was intended to serve the purpose of discriminating in some non-fringe-benefit aspect of the employment relation." Id. Here, Davidson has failed to prove that the allegedly discriminatory Plan provision was intended to discriminate in some non-fringe-benefit aspect of his employment relationship with Employer.
 
 In addition, federal law states that:
 
 7
 (1) Except as otherwise provided in this subsection, it shall be unlawful for an employer ... to establish or maintain an employee pension benefit plan which requires or permits-
 
 
 8
 (A) in the case of a defined benefit plan, the cessation of an employee's benefit accrual, or the reduction of the rate of an employee's benefit accrual, because of age....
 
 
 9
 (3) In the case of any employee who, as of the end of any plan year under a defined benefit plan, has attained normal retirement age under such plan-
 
 
 10
 (A) if distribution of benefits under such plan with respect to such employee has commenced as of the end of such plan year, then any requirement of this subsection for continued accrual of benefits under such plan with respect to such employee during such plan year shall be treated as satisfied to the extent of the acturial equivalent of in-service distribution of benefits....
 
 
 11
 29 U.S.C. § 623(j)(1)(A), (3)(A); cf. 29 U.S.C. § 1054(H)(i), (iii)(I) (an almost identical statute).
 
 
 12
 While Employer could not force Davidson into a "less desirable retirement program on the basis of age," Employer was entitled to stop contributing to Davidson's pension fund after Davidson reached 65, as the actuarial equivalent of the in-service distribution of benefits to Davidson ($32,025.74 annually) exceeded the amount of additional yearly benefits ($4,061.65 annually) which Davidson's continued service would have accrued after age 65. 29 U.S.C. §§ 623(j)(1)(A)-(3)(A), 1054(H)(i)-(iii)(I); see also Betts v. Hamilton County Bd. of Mental Retardation and Dev. Disabilities, 897 F.2d 1380, 1383 (6th Cir.1990). As the district court properly interpreted the law, we AFFIRM its decision on Count 2.
 
 
 13
 Count 3: There are no factual disputes regarding Count 3. Davidson was a beneficiary under the Plan. The Benefit Plans Committee ("Committee") is the Plan's administrator.
 
 
 14
 Federal law does not provide Davidson with a private claim for Employer's failure to provide him with a summary of material Plan modifications. "ERISA contains two express causes of action to remedy reporting and disclosure violations...." Hozier v. Midwest Fasteners, Inc., 908 F.2d 1155, 1167 (3d Cir.1990).
 
 
 15
 First, "29 U.S.C. § 1132(a)(4) allows a participant to sue 'for appropriate relief' in the case of violations of ... 29 U.S.C. § 1025(c) ..., which requires disclosure of certain tax information to certain participants." Id. Second, 29 U.S.C. § 1132(c) "makes an administrator personally liable to the participant for no more than $100 per day, or for "such other relief as [the court] deems proper." Id. Generally, the administrator will not be liable, "unless and until a participant requests from the administrator the information to which he claims entitlement, and the administrator fails to comply with the request for at least 30 days." Id.
 
 
 16
 Davidson could have sued the Plan's administrator, if he had requested and been denied information. 29 U.S.C. § 1132; see also Hozier, 908 F.2d at 1167. However, the Plan's administrator is not a party to this action, and Davidson did not allege that the Plan's administrator or Employer refused to provide him with information. Rather, Davidson alleged that Employer failed to provide him with a summary of material Plan modifications.
 
 
 17
 Courts cannot imply an additional remedy or claim into ERISA's comprehensive remedial scheme. Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 146-47 (1985); Northwest Airlines, Inc. v. Transport Workers Union, 451 U.S. 77, 97 (1981); Hozier, 908 F.2d at 1169. Thus, as federal law does not provide Davidson with a private claim for this alleged violation, we AFFIRM the district court's decision on Count 3.
 
 
 18
 Count 4: Federal law prohibits "any person to discharge ... a participant ... for exercising any right to which he is entitled under the provisions of an employee benefit plan [or certain laws] ... or interfering with the attainment of any right to which such participant may become entitled under the plan ... [or certain laws]." 29 U.S.C. § 1140. The district court held that Davidson stated no private claim, as he failed to identify the protected right which he was discharged for exercising. Davidson alleges that the Plan permitted the deduction of expenses only upon its amendment and Employer demoted and constructively discharged him, because he demanded that Employer comply with the Plan.
 
 
 19
 The Plan neither expressly permitted nor prohibited deductions for administration expenses. Absent specific language, the Committee was empowered to determine whether to deduct the Plan's administrative expenses, as the Plan vests the Committee with great discretionary authority. Specifically, it states: "The Committee may adopt rules and regulations for carrying out and administering the Plan, and shall have full power and authority to construe, interpret and administer this Plan." In addition, the Plan authorizes Employer to "enter into such trust agreements with the Trustee ... as the Company in its sole discretion may deem necessary or desirable to carry out the Plan." The trust agreement provides that the Trustee is obligated to pay the Plan's administrative expenses. Thus, the Plan authorizes Employer and/or the Committee to deduct the Plan's administrative expenses.
 
 
 20
 In any event, ERISA does not provide Plan participants with a general right to complain about Plan modifications. ERISA is a comprehensive statutory scheme. It prohibits specific conduct and provides specific remedies, and courts cannot imply other remedies. Massachusetts Mut. Life Ins. Co., 473 U.S. at 146. Accordingly, we AFFIRM the district court's decision on Count 4.
 
 
 21
 Counts 5-7: As the district court properly granted defendant summary judgment on the federal claims, it correctly declined to exercise pendent jurisdiction over the state claims. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).
 
 
 22
 III. DEFENDANT'S MOTION FOR COSTS AND SANCTIONS
 
 
 23
 Pursuant to 6th Cir.R. 11(1), defendant moved this court to award costs to defendant and impose sanctions on plaintiff's counsel, Kenneth G. Hawley, because each joint appendix filed by plaintiff's counsel did not include a colored copy of the parties' proposed findings of fact and conclusions ("Findings") and one deposition page which defendant had designated for inclusion in the joint appendix. Unless the parties otherwise agree, the cost of producing the appendix shall initially be paid by the appellant...." Fed.R.App.P. 30(b) (emphasis added). After plaintiff's counsel advised defense counsel that he could not afford to file four colored copies of the Findings, defense counsel offered to jointly copy and highlight the four copies by hand. Thereafter, plaintiff's counsel filed the four colored copies of the Findings and the omitted deposition page in a supplemental document entitled "Excerpts--Joint Appendix." As defense counsel agreed to assist plaintiff's counsel and plaintiff's counsel filed the "Excerpts--Joint appendix" in time for this court to consider it, we decline to award defendant costs or impose sanctions on plaintiff's counsel. Nevertheless, this court does grant costs to defendant as authorized under 28 U.S.C. § 1920, Fed.R.App.P. 39, and 6th Cir.R. 26.
 
 IV. CONCLUSION
 
 24
 For the foregoing reasons, we AFFIRM the district court's judgment and deny defendant's motion for costs and sanctions under 6th Cir.R. 11(1), but sustain the motion in part as stated above.