43 F.3d 1472
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
H.S. HUMPHREYS CO., INC., Plaintiff-Appellant,
v.
BORDEN, INC., Defendant-Appellee.
 No. 93-5463.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1994.
 
 On Appeal from the United States District Court for the Western District of Tennessee, No. 91-02410; Odell Horton, Judge.
 W.D.Tenn., 822 F.Supp. 1279.
 AFFIRMED IN PART, REVERSED IN PART, REMANDED.
 Before: NELSON, SUHRHEINRICH, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant H.S. Humphreys Co., Inc. appeals the district court's order granting summary judgment to Appellee Borden, Inc. on Humphreys's claims for breach of contract and fraud. Humphreys appeals as well the district court's orders denying Humphreys's procedural motions filed after the initial grant of summary judgment.[1] For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
 
 
 2
 * From 1977 through 1991, Humphreys was a broker of foods manufactured by Borden. The contract between Borden and Humphreys contained an exclusivity clause:
 
 
 3
 A Broker in whose territory a customer's buying office is located shall have sole and exclusive rights to solicit orders for [p]roducts unless otherwise provided by Borden in writing. A Broker in whose [t]erritory a shipping address is located shall have the first option to provide retail services, unless otherwise mutually agreed upon by Borden and Broker in writing.
 
 
 4
 Under the contract, Humphreys was entitled to be paid a commission on all sales of Borden product which Humphreys made directly to customers within the territory and on all product within Humphreys's territory on which Humphreys performed retail services, regardless of whether Humphreys had made the direct sale. Claiming that Borden was violating the exclusivity clause, Humphreys terminated the contract with Borden and brought this action alleging fraud, breach of the contract's express terms, and breach of the contract's implied duty of good faith and fair dealing.
 
 
 5
 The essence of Humphreys's contract claim, which is contained in one count of the complaint but includes allegations of both express breach and breach of good faith, is that Borden breached the brokerage contract's exclusivity clause by permitting, encouraging, or failing to prevent a phenomenon called diversion, with the result that Humphreys was in fact not the exclusive source of Borden's products within Humphreys's territory. Diversion involves a buyer's purchase of a product in one region at an advantageous price and sale of the product at a higher price in another region. Diversion disadvantages authorized brokers because they must sell the product at the price dictated by the manufacturer, whereas the diverter will sell the product at any price which is above the diverter's purchase price but below the price offered by the authorized broker.
 
 
 6
 The fraud claim alleges that prior to entering into the brokerage contract, Borden failed to disclose to Humphreys that Borden operated a dual sales system resulting from Borden's participation in a national brokerage program as well as a clandestine program for selling its product through diverters. Further, Humphreys claims that Borden fraudulently misrepresented to Humphreys that it would attempt to control and prevent the diversion of product into Humphreys's territory, that Humphreys relied on this misrepresentation and continued in the contract rather than terminating it, and that Borden intended that Humphreys rely on this misrepresentation.
 
 
 7
 Humphreys claims two kinds of loss as a result of Borden's alleged breach of contract and fraud. Humphreys claims first that, due to diversion, it lost commissions on sales of Borden's product within Humphreys's territory, and second, that it was required by Borden to expend money to provide retail services on product within the territory which had actually been sold by diverters and on which Borden failed to pay Humphreys any commission.
 
 
 8
 The district court held that Humphreys had failed to demonstrate that there remains for trial any genuine issue of material fact as to the breach of contract claim or either of the claims of fraud and that, applying the law of Tennessee to the undisputed facts, Borden was entitled to summary judgment on all claims. We review a district court's grant of summary judgment de novo. Pinney Dock & Transp. Co. v. Penn Cent. Corp., 838 F.2d 1445, 1472 (6th Cir.), cert. denied, 488 U.S. 880 (1988). We also give de novo review to a district court's determination of state law. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).
 
 II
 
 9
 We conclude that the district court did not err in holding that Humphreys failed to establish a genuine issue of material fact as to Borden's alleged misrepresentations, and that the facts, when viewed in the light most favorable to Humphreys, do not support either of Humphreys's fraud claims under Tennessee law. We therefore affirm the judgment for Borden on the fraud claims.
 
 
 10
 We review for abuse of discretion Humphreys's claims that the district court erred (1) in denying Humphreys's motion to strike portions of Borden's summary judgment brief containing assertions of fact based on inadmissible evidence and (2) in granting summary judgment without permitting Humphreys additional time to complete discovery. We find that the district court did not abuse its discretion and we affirm.
 
 III
 
 11
 The district court held that Borden was entitled to judgment on Humphreys's contract claim. First, the court held that the record could not support a claim of express breach of contract because Humphreys failed to provide any evidence that Borden made any direct sales to unauthorized brokers in competition with Humphreys. Further, the district court found Borden entitled to judgment on Humphreys's claim of breach of the duty of good faith and fair dealing with respect to the exclusivity clause because Humphreys had failed to establish that any genuine issue of fact remained for trial on that claim. The district court held that whether Borden had breached the duty of good faith and fair dealing with respect to the exclusivity clause was to be determined on the basis of the reasonableness of Borden's business decisions, citing Davidson v. Cincinnati Milacron Inc., No. 91-3606, 1992 WL 133062 (6th Cir. June 16, 1992), an unpublished Sixth Circuit opinion. The court concluded that Borden's business decisions could not be found to be unreasonable.
 
 
 12
 Addressing the good faith claim first, we think that the standard used by the district court to determine whether to grant summary judgment on that claim was improper. Cincinnati Milacron is inapposite, because there the court dealt with the good faith issue only as to a claim brought under the Age Discrimination in Employment Act, and summarily dismissed, without addressing the merits, the plaintiff's pendent state law claim for breach of the implied duty of good faith and fair dealing, which would have been determined in any event under Ohio rather than Tennessee law. Id. at * 1, 4.
 
 
 13
 The district court did, however, properly recognize that in every Tennessee contract, there is an implied duty of good faith and fair dealing in the performance and enforcement of the contract. Davidson & Jones Dev. Co. v. Elmore Dev. Co., Inc., 921 F.2d 1343, 1350 (6th Cir.1991); Oak Ridge Precision Industries, Inc. v. First Tennessee Bank Nat'l Ass'n, 835 S.W.2d 25, 29 (Tenn.Ct.App.1992). What satisfies this duty depends on the facts of each case. TSC Industries, Inc. v. Tomlin, 743 S.W.2d 169, 173 (Tenn.Ct.App.1987). In defining the obligation of good faith, the court must fairly and reasonably construe the language of the contract to arrive at the intent of the parties. See, e.g., Covington v. Robinson, 723 S.W.2d 643, 645-646 (Tenn.Ct.App.1986).
 
 
 14
 Humphreys offered a considerable body of evidence in support of its contention that the good faith obligation had been breached. A careful review of that evidence reveals that it boils down to two central issues of fact: (1) whether micromarketing is the primary cause of diversion and (2) whether Borden in bad faith failed to police the exclusivity of Humphreys's brokerage contract. As to the first issue, the parties agree that micromarketing enables diversion. For purposes of this summary judgment analysis, we will assume that in fact micromarketing is the primary cause of diversion.
 
 
 15
 As to the second issue, the district court held, albeit under an analysis which we have found was incorrect, that the record could not support a finding that Borden intentionally enabled the diversion occurring in Humphreys's territory or failed to make a good faith attempt to control that diversion; rather, the record established that Borden had utilized a variety of measures specifically designed to control the problem. Our review of the record leads us to conclude that the district court's factual findings in this regard were not clearly erroneous. We hold that on these facts, Borden is entitled to summary judgment on the good faith claim.
 
 
 16
 With respect to the claim of express breach, we conclude that the district court correctly held that Humphreys had failed to present evidence that Borden made any direct sales to unauthorized brokers in competition with Humphreys. No Tennessee court has extended express breach to indirect sales such as those complained of here. However, we think that Humphreys did present sufficient evidence to preserve for trial the narrow issue of whether Borden refused to pay Humphreys commissions on product diverted into Humphreys's territory on which Humphreys was required to provide retail services, and if it did, whether this refusal constituted a breach of the exclusivity provision of the brokerage contract. Accordingly, we reverse the grant of summary judgment in favor of Borden, Inc. on count one of the complaint, the breach of contract claim.
 
 IV
 
 17
 For the foregoing reasons, we AFFIRM the judgment of the district court on count two of the complaint, REVERSE the judgment on count one of the complaint, and REMAND this case to the district court on the narrow issue of whether Borden's failure to pay commissions, if any, constituted a breach of the contract.
 
 
 
 [1]
 After the district court granted summary judgment in favor of Borden, Humphreys filed a number of procedural motions, including a motion to vacate and a motion to alter and amend. The district court eventually undertook a de novo review of the defendant's motion for summary judgment and again entered summary judgment for Borden